TIFFANY W. TAI, S.B. # 193271
JOEL A. THVEDT, S.B. # 130577
**BENSINGER, RITT, TAI & THVEDT, LLP**
A Limited Liability Partnership
65 North Raymond Avenue, Suite 320
Pasadena, California  91103
Tel:    (626) 685-2550
Fax:   (626) 685-2562
Email:  tai@brttlaw.com
          thvedt@brttlaw.com

Attorneys for Plaintiff,
    BIZZY ENTERTAINMENT, INC.

FILED

2009 DEC 30  PM 2:48

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

BIZZY ENTERTAINMENT, INC., a
California corporation,

          Plaintiff,

     v.

KRISTOPHER BUCKNER, an
individual; INVESTIGATIVE
CONSULTANTS, a business entity
of unknown form; INSTA
ENTERTAINMENT, INC., a
California corporation; MEDIA
KING, INC., a California corporation;
MICHAEL YANG, an individual;
JULIE YE aka LI FANG YE, an
individual; and DOES 1 through 10,
inclusive,

          Defendants.

Case No. **CV09-9544 SVW (Ex)**

**COMPLAINT FOR DAMAGES AN
INJUNCTIVE RELIEF:**

1.  **Violation of Civil Rights Act (42
    USC § 1983 et seq.)**
2.  **Abuse of Process**
3.  **Conversion**
4.  **Unfair Competition (Cal. Bus. &
    Prof. Code § 17200 et seq.)**
5.  **Trade Libel**
6.  **Civil Conspiracy**
7.  **Unjust Enrichment**
8.  **Violation of Racketeer
    Influenced and Corrupt
    Organizations Act (18 U.S.C.
    §1961 et seq.)**
9.  **Conspiracy to Violate RICO (18
    U.S.C. § 1962(d))**

## JURISDICTION AND VENUE

1.  Plaintiff BIZZY ENTERTAINMENT, INC. (hereinafter "Bizzy" or

"Plaintiff") brings this action against the defendants, and each of them, for general,

equitable, compensatory, consequential, punitive, and statutory damages,

prejudgment interest, costs and attorneys fees resulting from the unlawful conduct of

1

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  said defendants, and each of them, on both federal and state grounds as set forth
2  below.

3

4          2.  Plaintiff's federal claims arise from defendants' unlawful conduct in
5  violation of the Civil Rights Act, codified at 42 U.S.C. §1983 et seq., and the
6  Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C.
7  §1961 et seq.

8

9          3.  Plaintiff's state law and common law claims arise from the same transaction
10  and occurrence of defendants' unlawful conduct, and include claims for abuse of
11  process, conversion, fraud, negligent misrepresentation, unfair competition, trade
12  libel, and civil conspiracy.

13

14          4.  Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 28 U.S.C.
15  §1367(a), and arises under 42 U.S.C. §1983 and 18 U.S.C. §1961.

16

17          5.  Venue in this Court is proper under 42 U.S.C. §1983 because the Court has
18  personal jurisdiction over all defendants and the events giving rise to this action
19  occurred within this judicial district.

20

21                                         **PARTIES**

22

23          6.  Plaintiff Bizzy is a California corporation, duly authorized to do, and doing,
24  business in the County of Los Angeles, State of California.  At all times relevant
25  herein, Bizzy has been engaged in the business of importing, distributing, selling and
26  renting DVDs containing Asian-language programming to the Chinese-speaking
27  communities in Southern California.  Bizzy owns and operates two video stores
28  under the name "Video World" in Rowland Heights and Hacienda Heights.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

7. Plaintiff is informed and believes, and upon such information and belief alleges, that defendant Kristopher Buckner is an individual residing in the County of Los Angeles, State of California, and is a principal of the business known as Investigative Consultants.

8. Plaintiff is informed and believes, and upon such information and belief alleges, that defendant Investigative Consultants ("IC") is a business entity of unknown form, with its principle place of business at 14979 Prairie Avenue in Lawndale, California. According to its website, www.investigativeconsultants.com, IC is a private investigative company operating under the direction of Kris Buckner and specializing in "intellectual property investigations and enforcement."

9. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times relevant herein there existed such a unity of interest and ownership between Buckner and IC that any individuality and separateness between them had ceased and that IC was the alter ego of Buckner in that: (a) there existed a unity of interest and ownership between these entities such that any individuality of these defendants never existed or ceased to exist; (b) the corporation has been and is a mere shell and a sham, without capital or assets, or was so inadequately capitalized that compared with the business to be done by the corporation and the risks attendant thereto, its capitalization had been illusory and the corporation was intended by its principals primarily as a device to avoid individual liability; (c) the principals of the corporation have used the assets of the corporation for their own personal use, caused assets of the corporation to be transferred to themselves, their family members, their business entities and/or third parties controlled by them, without consideration or for inadequate consideration, and have withdrawn funds from the corporation's bank accounts for their personal use; (d) the corporation has been and continues to be a shell and mere instrumentality or conduit through which its

3

1  principals have carried on their individual business in the corporation's name,

2  exercising complete control and dominance of such business to such an extent that

3  any individuality or separateness between the principals and the corporation does not

4  exist; and (e) judicial adherence or acknowledgment of the fiction of the separate

5  existence of the corporation as an entity distinct from its principals would permit

6  abuse of the corporate privilege, would sanction and perpetrate a fraud, and promote

7  injustice.

8

9  10.  Plaintiff is informed and believes, and upon such information and belief

10  alleges, that defendant Julie Ye, aka Li Fang Ye, is an individual residing in the

11  County of Los Angeles, State of California, and is an owner, founder, director or

12  principal of the businesses known as Insta Entertainment, Inc. and Media King, Inc.

13  Ye is also the agent for service of process for both Insta Entertainment, Inc. and

14  Media King, Inc.

15

16  11.  Plaintiff is informed and believes, and upon such information and belief

17  alleges, that defendant Michael Yang is an individual residing in the County of Los

18  Angeles, State of California, and is an owner, founder, director, or principal of the

19  businesses known as Insta Entertainment, Inc. and Media King, Inc.  Plaintiff is

20  further informed and believes, and upon such further information and belief alleges,

21  that Yang is married to Ye.

22

23  12.  Plaintiff is informed and believes, and upon such information and belief

24  alleges, that defendant Media King, Inc. ("Media King") is a California corporation

25  with its principal place of business at 140 W. Valley Boulevard, Suite 121 in San

26  Gabriel, California.  Plaintiff is further informed and believes, and upon such further

27  information and belief alleges, that at all times relevant herein, Media King, like

28

4

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, was engaged in the business of, among other things, importing, distributing and selling DVDs to the Chinese-speaking communities in Southern California.

13. Plaintiff is informed and believes, and upon such information and belief alleges, that defendant Insta Entertainment, Inc. ("Insta") is a California corporation with its principal place of business at 140 W. Valley Boulevard, Suite 201A in San Gabriel, California. Plaintiff is further informed and believes, and upon such further information belief alleges, that Insta was established for the sole purpose of obtaining the exclusive rights to distribute certain Korean-produced programming in North America in order to help Insta's affiliated business, Media King, gain an unfair business advantage over its competitors by forcing Media King's competitors to enter into long-term, exorbitant "license agreements" through the misuse of Insta's copyrights or by destroying the businesses of Media King's competitors through the purported enforcement of such copyrights.

14. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times relevant herein there existed such a unity of interest and ownership between Ye and Yang, on the one hand, and Insta and Media King, on the other hand, that any individuality and separateness between them had ceased and that Insta and Media King were the alter egos of Ye and Yang in that: (a) there existed a unity of interest and ownership between these entities such that any individuality of these defendants never existed or ceased to exist; (b) the corporations have been and are mere shells and a sham, without capital or assets, or were so inadequately capitalized that compared with the business to be done by the corporations and the risks attendant thereto, their capitalization had been illusory and the corporations were intended by their principals primarily as devices to avoid individual liability; (c) principals of the corporations have used the assets of the corporations for their

5

1  own personal use, caused assets of the corporations to be transferred to themselves,

2  their family members, their business entities and/or third parties controlled by them,

3  without consideration or for inadequate consideration, and have withdrawn funds

4  from the corporations' bank accounts for their personal use; (d) the corporations have

5  been and continue to be shells and mere instrumentality or conduit through which

6  their principals have carried on their individual business in the corporations' name,

7  exercising complete control and dominance of such businesses to such an extent that

8  any individuality or separateness between the principals and the corporations does

9  not exist; and (e) judicial adherence or acknowledgment of the fiction of the separate

10  existence of the corporations as entities distinct from their principals would permit

11  abuse of the corporate privilege, would sanction and perpetrate a fraud, and promote

12  injustice.

13

14      15. The true names and capacities of defendants Does 1 through 10, inclusive,

15  are presently unknown to Plaintiff, who therefore sues said defendants by such

16  fictitious names.  Plaintiff will amend this complaint to set forth the true names and

17  capacities of said defendants when they are ascertained.

18

19      16. Plaintiff is informed and believes, and upon such information and belief

20  alleges, that at all times relevant herein, each of the fictitiously-named defendants

21  was an agent, employee or co-conspirator of one or more of the named defendants,

22  and was acting within the course and scope of said agency or employment.  Plaintiff

23  is further informed and believes, and upon such information and belief alleges, that

24  each of the fictitiously-named defendants aided and assisted the named defendants in

25  committing the wrongful acts alleged herein, and that Plaintiff's damages, as alleged

26  herein, were proximately caused by such defendants.

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

17. Plaintiff is informed and believes, and upon such information and belief alleges, that defendants, and each of them, conspired and agreed among themselves to do the acts complained of herein and were, in doing such acts, acting pursuant to and in furtherance of said conspiracy, and each defendant sued herein is jointly and severally responsible and liable to Plaintiff for the damages alleged herein.

18. Defendants, and each of them, and/or their agents/employees knew or should have known that each of the remaining co-defendants, individually and together in varying combinations, was engaging in the conduct alleged herein.

## FACTUAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

19. Plaintiff Bizzy was established in 2007 to meet the demands for Asian-language programming in the Chinese-speaking communities of Southern California. To that end, Bizzy either imports DVDs containing Asian-language programming directly from vendors in China, or purchases such DVDs from vendors with the rights to distribute such programming in North America, and distributes the DVDs by selling or renting them through its video store known as Video World. Bizzy has two locations – one in Rowland Heights and another in Hacienda Heights.

20. In the course of its business, Bizzy has tried – to the best of its ability – to obtain products from only legitimate sources and vendors with the authority to distribute the DVDs they supply. For instance, with respect to programs originating from mainland China, Bizzy had obtained the authority to distribute programs produced by members of the China TV Broadcast Association/TV Production Committee (the "Association") from the Association's sole and exclusive North American representative, Everwell Media USA, Inc. ("Everwell"). The DVDs

7

1  imported from China are inspected by the Intellectual Property Division of the
2  Department of Economics, and given a certificate regarding their copyright
3  authenticity.

4

5      21. Bizzy also has ongoing contractual relationships with other vendors, such
6  as U2 Home Entertainment, Inc. (based in San Francisco, California and hereinafter
7  referred to as "U2"), The One Trading Corp. (based in Rosemead, California and
8  hereinafter referred to as "The One"), and U.S. Galaxy Entertainment, Inc. (based in
9  City of Industry, California and hereinafter referred to as "U.S. Galaxy"), who are the
10  exclusive licensees authorized to distribute the Asian-language programming they
11  provide to Bizzy.

12

13      22. Some vendors, such as U2 and The One, require Bizzy to purchase DVDs
14  directly from them. Others, like U.S. Galaxy, will sometimes permit Bizzy to import
15  DVDs containing their licensed material directly from China, so long as Bizzy pays a
16  license fee and obtains a "sticker" verifiying the payment of such fees to be affixed
17  to the imported DVDs.

18

19      23. On or about August 10, 2009, a woman identifying herself as Julie called
20  Bizzy's Rowland Heights store and indicated that she represented Insta, the
21  purported licensee with authority to distribute certain Korean-language programming
22  in North America. Bizzy is informed and believes, and upon such information and
23  belief alleges, that the woman identifying herself as Julie was defendant Ye.

24

25      24. Ye did not provide any documents to prove Insta's ownership of exclusive
26  licenses from Korean copyright holders; nevertheless, she informed Bizzy's store
27  manager, Lynn Chung, that if Bizzy did not agree to enter into a contract with Insta
28

8

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

to purchase DVDs from Insta, then Bizzy would be placed on a "list" and find itself in serious "trouble."

25. Chung informed Ye that Bizzy's owner was out of town until late August, and asked whether Ye could call back to discuss the contract then. Ye replied that she could not wait, and that Bizzy would have to execute the contract by that Friday, August 14, 2009, to avoid any further trouble. Chung then asked Ye about the proposed terms of the contract, and inquired as to the price of the DVDs being sold by Insta, as well as, more importantly, the titles of DVDs being offered. Ye replied that she was in the process of gathering said information, but that in order to avoid trouble, Bizzy must first commit to signing the contract.

26. In view of Ye's inability or unwillingness to provide details of the proposed contract to Bizzy, Chung informed Ye that she should call Bizzy back when she had all the pertinent information before a deal could be reached. Ye, however, continued to pressure Chung to sign the contract on behalf of Bizzy and advised Chung that if she did not do so, Ye would not be able to "guarantee" what would happen to the store. Chung did not appreciate the threat made by Ye, and the telephone call on August 10, 2009 ended without an agreement between Insta and Bizzy.

27. Bizzy is informed and believes, and upon such information and belief alleges, that at or around the time of Ye's August 10, 2009 conversation with Chung, Insta had approached several other video stores with offers to sell DVDs under similar threats. Bizzy is further informed and believes, and upon such further information and belief alleges, that at least one such video store succeeded in obtaining a price list from Insta. Thus, contrary to Ye's representations on August 10, Insta did in fact have the pertinent information Bizzy asked for, it just did not

9

want to provide it.  Instead, Bizzy was asked to blindly commit to a long-term purchase agreement without knowing what it was agreeing to purchase.

28.  Bizzy did not hear from Insta again after the August 10, 2009.  Instead, on or about November 4, 2009, while Chung was working at the Rowland Heights store, four individuals purporting to be Insta representatives appeared at the store along with Buckner and a number of IC personnel, as well as four uniformed deputies from the Los Angeles Sheriff's Department ("LASD"), for the stated purpose of seizing "counterfeit DVDs."  Indeed, Buckner was the first to appear; and he informed Chung that he would give her an offer before law enforcement arrived.  Then, a woman who identified herself as Krystal informed Chung that they were there to represent "big companies" and would be taking away the store's DVDs.

29.  Before long, the uniformed deputies arrived and informed Chung that they would be taking away all DVDs which their "witness" Alan Liu – a representative of Insta – identified as being counterfeit.  Chung inquired whether the deputies had a warrant for their actions and was told that no warrant was necessary.  Instead, Detective Lance Wulterin, who appeared to be in charge, told Chung that they had the right to take away everything "in plain view" which Liu and Krystal identified as being "counterfeit."

30.  Scared and not knowing what to do, Chung contacted Jin Chen, a representative of U.S. Galaxy, a vendor that had guaranteed the authenticity of the DVDs sold to Bizzy.  Mr. Chen asked to speak to the deputies on Bizzy's behalf.  Bizzy is informed and believes, and upon such information and belief alleges, that Mr. Chen asked one of the deputies whether they had the authority to be there and to conduct such seizure, as to which the deputy responded that they had the right to take away the DVDs identified by Insta as counterfeit.

10

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    31. Meanwhile, during all the commotion, IC and Insta personnel had begun
2    to box up DVDs from the store and to move them out of the store. According to
3    Buckner, a detailed inventory of everything that was taken would be provided to
4    Bizzy before they left the premises.

5

6    32. Notwithstanding the fact that IC and Insta personnel had already begun to
7    take Bizzy's inventory out of the store, and despite the deputies' repeated
8    affirmations that they had the authority to conduct the seizure without a warrant, the
9    LASD apparently wanted Chung to sign a document giving them permission to go
10   behind the counter. Chung asked whether she could call the owner of the store for
11   his permission, which appeared to anger Detective Wulterin. In response to Chung's
12   request, Detective Wulterin exclaimed that Chung was taking up too much of their
13   time, that they had had enough of her games, and that they would leave and return
14   with a warrant not just to seize Bizzy's property but to take Chung and Bizzy's
15   owner to jail.

16

17   33. Faced with the threat of incarceration, Chung obliged and signed the
18   waiver of warrant.

19

20   34. While IC and Insta personnel continued to box up Bizzy's inventory, a
21   person identifying himself as Michael Yang – whom Bizzy believes is one of the
22   principals of both Insta and Bizzy's competitor Media King – approached Chung and
23   told her that this would not have happened if she had simply agreed to sign a contract
24   with Insta back in August. He also told Chung that if she cooperated now, she would
25   not lose as much of her inventory.

26

27   35. After several hours, IC and Insta personnel had boxed up and taken out
28   nearly all of the DVDs from Bizzy's store, including DVDs containing original

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Chinse programming for which Bizzy had obtained the authority to distribute from
Everwell, and DVDs which Bizzy had purchased from U2, The One, and U.S.
Galaxy, all legitimate vendors with authority to distribute their DVDs in North
America. Insta and IC made no attempt to segregate DVDs which they alleged
infringed on their copyrights from non-infringing items – they simply took them all.

36. Just before leaving, Buckner approached Chung with another document to
sign. The document, which was preprinted in English, Chinese and Vietnamese,
purported to be a "Receipt," with a signature line next to the preprinted statement: "I
have knowingly sold counterfeit _____ merchandise and promise to immediately
stop all sales," and "I have voluntarily surrendered the merchandise listed above."
Despite Buckner's earlier promises to provide a detailed inventory, the document
stated simply that 18,270 "pirated DVDs" were taken. Chung, still reeling from the
threat of incarceration should she not cooperate, had no choice but to sign the
document; although she noted that she was the store manager, and not the "Vendor"
printed on the form.

37. Bizzy is informed and believes, and upon such information and belief
alleges, that the seizure of its store was part of a well thought-out plan by Insta,
Media King, Yang and Ye to bring their competition to their knees, and that as many
as three other stores were hit by IC, Insta and LASD personnel on the same day as
Bizzy, including one store in the same shopping plaza as Bizzy. Bizzy is further
informed and believes, and upon such further information and belief alleges, that in
an effort to generate publicity, defendants had notified the local Chinese media prior
to the seizures, such that reporters were able to arrive on the scene during the
seizures. By the next day, November 5, 2009, articles began appearing online and in
Chinese newspapers concerning the "piracy" and illegal conduct of, among others,
"Video World." In an article in the Chinese paper "World Journal," Yang is further

12

1   quoted as having agreed to cooperate with law enforcement to stop the "rampant

2   piracy" by local vendors.

3

4   38. Two days after the seizure, on or about November 6, 2009, Chung

5   received a call from a person identifying himself as Bin Li, a lawyer for Insta.  Li

6   advised Chung that if Bizzy wanted to make its troubles go away, it would have to

7   settle with Insta by paying a penalty in an amount to be determined, and enter into a

8   three-year contract with Insta whereby Bizzy would agree to purchase approximately

9   $4,000 to $5,000 in DVDs from Insta every month.  According to Li, if Bizzy did not

10  agree to these terms, Insta would initiate a civil lawsuit for copyright infringement

11  and work with the LASD to file criminal charges.

12

13  39. Bizzy is informed and believes, and upon such information and belief

14  alleges, that in the days following the seizures on its store and others in the San

15  Gabriel Valley, Insta contacted numerous other video stores in the area to ask them

16  whether they saw the news concerning the seizures.  Bizzy is further informed and

17  believes, and upon such further information and belief alleges, that armed with the

18  publicity from the seizures and in some cases, arrests, Insta began telling local video

19  store owners that the only way to protect themselves from a similar fate would be to

20  sign contracts with Insta and be placed on a "safe list."

21

22  40. Shortly after the seizures, Bizzy – through counsel – attempted to

23  ascertain the whereabouts of its inventory and to seek its return.  In late November

24  2009, Bizzy was informed by the LASD that: (1) there was no criminal case or

25  investigation pending against it; (2) the presence of LASD personnel during the

26  confrontation on November 4, 2009 was purely as bystanders to "observe" the

27  surrender of property, as the LASD was there to execute a warrant on another store,

28

13

not Bizzy's store; and (3) Bizzy ought to deal directly with IC and Insta to resolve the issue of returning its inventory.

41. For the next several weeks, Bizzy – again through counsel – learned that IC had possession and control of its inventory, and attempted to seek its return. At first, Bizzy was informed by IC's counsel that it was acting at the direction of Insta, and that Insta had agreed to return everything other than the Korean-language DVDs as to which Insta asserted its rights of ownership. On or about December 17, 2009, however, IC – through new counsel – indicated that it would return the inventory upon Bizzy's agreement to release IC from liability stemming from the November 4, 2009 seizure. Bizzy declined to grant IC a complete release, and the next day, IC informed Bizzy that the LASD had requested that the property be held for further review.

42. On December 21, 2009, Bizzy – through counsel – attempted to confirm the LASD's involvement in the dispute. Sergeant Williams, the commanding officer on the case, expressed shock that IC would claim LASD was holding up the return of Bizzy's inventory. The next day, however, Detective Vaughn – one of the officers who worked closely with IC and Insta personnel during the seizures – stated that the LASD had changed its mind and was reconsidering criminal charges.

43. The seizure on November 4, 2009 essentially cleaned out Bizzy's store. As a result, Bizzy has lost virtually all of its revenue in that store, has lost revenue in its other location, and has lost employees. Bizzy has been deprived and continues to be deprived of a large portion of its inventory and means of livelihood.

14

# FIRST CAUSE OF ACTION
## (Violation of 42 U.S.C. §1983)
### [Against All Defendants]

44. Bizzy realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

45. Defendants, acting jointly with the LASD and under color of state law, deprived Plaintiff of rights, privileges and immunities secured by the Constitution and the laws of the United States including the rights to equal protection and due process by, among other things:

(a) Falsely representing to Bizzy that they had the right and ability to take away any of Bizzy's inventory which defendants Insta and/or Media King's personnel claimed to be counterfeit, without a warrant or court order and without even having produced any documentation to establish Insta and/or Media King's rights to such inventory;

(b) Falsely implying or asserting, through the presence of LASD personnel, that Bizzy's employees and owners would be arrested if they did not capitulate to Defendants' demand to search Bizzy's store and to seize all inventory;

(c) Obtaining, under coercion and duress, the signature of Bizzy's manager on IC's pre-printed "Receipt," purportedly surrendering all of Bizzy's inventory to IC voluntarily; and

15

(d) Seizing and withholding Bizzy's property from release without due process or justification, and without having provided an itemized inventory list of what was taken.

46. Defendants' conduct, as described more fully above and in this Complaint, is a violation of Plaintiff's civil rights in violation of 42 U.S.C. §1983.

47. As a proximate result of Defendants' conduct as described more fully above, Plaintiff has been deprived of its property, and has suffered and continues to suffer loss of income and loss of reputation, all to Plaintiff's damages in an amount to be proven at trial but in excess of the jurisdictional threshold of this Court.

48. In doing the acts herein alleged, Defendants knew that their actions were unlawful, but nonetheless committed such acts maliciously, fraudulently, oppressively and despicably, and with the wrongful intention of injuring Plaintiff, with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out in a despicable, deliberate, cold, callous and intentional manner, and perpetrated to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages from the Defendants.

## SECOND CAUSE OF ACTION
### (Abuse of Process)
### [Against All Defendants]

49. Bizzy realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

16

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

50.  Defendants' unlawful search and seizure of Bizzy's property, conducted with the aid of the LASD and under threat of criminal arrest and incarceration, was a willful misuse of the legal process for the improper purpose of converting Bizzy's property and either coercing Bizzy to enter into a long-term contract with Insta or wiping out Bizzy's business altogether to destroy Media King's competition.

51.  As a direct and legal result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer damages from the loss of its property.

52.  In doing the acts herein alleged, Defendants knew that their actions were unlawful, but nonetheless committed such acts maliciously, fraudulently, oppressively and despicably, and with the wrongful intention of injuring Plaintiff, with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Because the acts taken toward Plaintiff were carried out in a despicable, deliberate, cold, callous and intentional manner, and perpetrated to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages from the Defendants.

## THIRD CAUSE OF ACTION
### (Conversion)
### [Against Defendants Buckner and IC and Does 1 through 10]

53.  Bizzy realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

54.  At all times relevant herein, Bizzy was and still is the owner entitled to possession of the inventory, consisting of DVDs, taken from its Rowland Heights store.

17

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

55. On or about November 4, 2009, defendants Buckner and IC converted Bizzy's property to their own use by, among other things, seizing such inventory with the aid of the LASD and under threat of criminal arrest and incarceration, without due process.

56. Despite Bizzy's repeated demands therefor, Buckner and IC have refused to return the property seized from Bizzy's store on November 4, 2009.

57. As a proximate result of defendants' conversion, Bizzy has suffered damages in an amount to be proven at trial, but in excess of the jurisdictional threshold of this Court.

58. In doing the acts herein alleged, defendants knew that their actions were unlawful, but nonetheless committed such acts maliciously, fraudulently, oppressively and despicably, and with the wrongful intention of injuring Plaintiff, with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out in a despicable, deliberate, cold, callous and intentional manner, and perpetrated to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages from the individual defendants.

## FOURTH CAUSE OF ACTION
### (Unfair Competition)
**[Against Defendants Yang, Ye, Insta, Media King and Does 1 through 10]**

59. Bizzy realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

18

60.  The pattern of fraud and deception by defendants as set forth above constitutes unlawful, unfair and fraudulent business practices within the meaning of California Business and Professions Code section 17200 et seq.  In particular, the following conduct, among others, by defendants Yang, Ye, Insta and Media King violates section 17200:

(a) Misusing Insta's purported exclusive rights to certain Korean-produced DVDs to coerce competitors of Media King to enter into long-term, one-sided contracts with Insta in order to be placed on the "safe list" and protected from unlawful searches and seizures by the LASD, IC and Insta personnel;

(b) Seizing and withholding from release Bizzy's inventory under threat of criminal arrest and incarceration, and without due process; and

(c) Using the publicity that was deliberately created by the unlawful seizures executed against Bizzy, among others, to extort agreements to enter into long-term binding contracts from other Media King competitors.

61.  Defendants' unlawful and fraudulent conduct appears likely to continue and, to the extent it does so, the conduct will continue to harm Bizzy and other similarly situated competitors.

62.  Bizzy is therefore entitled to an injunction against defendants prohibiting them from further acts of fraud and extortion, and mandating the return of Bizzy's property which was unlawfully seized from its store.  Bizzy is further entitled to restitution of all monies diverted from Bizzy or otherwise acquired by defendants by means of their unlawful and unfair business practices.

19

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

# FIFTH CAUSE OF ACTION

## (Trade Libel)

### [Against Defendant Yang and Does 1 through 10]

63. Bizzy realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

64. Defendants' statements, referenced and/or published in the Chinese-language newspapers including the "World Journal," disparaged the quality of Bizzy's property. In particular, defendant Yang's statement that he was cooperating with law enforcement to protect the rights of copyright holders from "pirates," suggested that Bizzy was engaged in the trafficking of counterfeit goods.

65. Defendants' statements disparaging the quality of Bizzy's property, including the statement by Yang published in the "World Journal," were false. Bizzy has not knowingly engaged in the trafficking of counterfeit goods.

66. Bizzy is informed and believes, and upon such information and belief alleges, that defendants' statements, including defendant Yang's statement which was published in the "World Journal," have induced others not to deal with Bizzy. In particular, customers have expressed shock and surprise in learning from the newspaper articles that Bizzy's goods were counterfeit; and Bizzy's business has declined significantly in the months since the publication of the articles.

67. As a proximate result of defendants' trade libel, Bizzy has suffered damages in an amount to be proven at trial, but in excess of the jurisdictional threshold of this Court.

20

68. In doing the acts herein alleged, defendants knew that their actions were unlawful, but nonetheless committed such acts maliciously, fraudulently, oppressively and despicably, and with the wrongful intention of injuring Plaintiff, with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out in a despicable, deliberate, cold, callous and intentional manner, and perpetrated to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages from the defendants.

## SIXTH CAUSE OF ACTION
### (Civil Conspiracy)
### [Against All Defendants]

69. Bizzy realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

70. Defendants, and each of them, combined, confederated, agreed and conspired to use wrongful and unlawful threats to obtain money and other benefits, including the agreement to enter into a long-term, one-sided purchase agreement, from Bizzy and others like Bizzy. In furtherance of said conspiracy, Defendants, and each of them, committed one or more overt acts including, but not limited to, the following:

(a) Calling Bizzy and other businesses similarly situated as Bizzy in an attempt to coerce Bizzy and others into a long-term, one-sided purchase agreement with Insta through the misuse of Insta's purported rights to certain Korean-produced DVDs and under threat of criminal arrest and civil prosecution;

21

(b)  Falsely representing to Bizzy that Defendants had the right and ability to search and seize Bizzy's inventory without a warrant and without due process;

(c)  Falsely implying or asserting, through the presence of LASD personnel, that Bizzy's employees and owners would be arrested if they did not capitulate to Defendants' demand to search Bizzy's store and to seize all inventory;

(d)  Obtaining, under coercion and duress, the signature of Bizzy's manager on IC's pre-printed "Receipt," purportedly surrendering all of Bizzy's inventory to IC voluntarily;

(e)  Seizing and withholding Bizzy's property from release without due process or justification, and without having provided an itemized inventory list of what was taken; and

(f)  Using the publicity that was deliberately created by the unlawful seizures executed against Bizzy, among others, to extort agreements to enter into long-term binding contracts from other Media King competitors.

71.  As a proximate result of Defendants' conspiracy to extort, Bizzy has suffered damages in an amount to be proven at trial, but in excess of the jurisdictional threshold of this Court.

72.  In doing the acts herein alleged, Defendants knew that their actions were unlawful, but nonetheless committed such acts maliciously, fraudulently, oppressively and despicably, and with the wrongful intention of injuring Plaintiff, with an improper and evil motive amounting to malice, and in conscious disregard of

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   Plaintiff's rights.  Because the acts taken toward Plaintiff were carried out in a
2   despicable, deliberate, cold, callous and intentional manner, and perpetrated to injure
3   and damage Plaintiff, Plaintiff is entitled to recover punitive damages from the
4   Defendants.

5

6                          **SEVENTH CAUSE OF ACTION**
7                                **(Unjust Enrichment)**
8        **[Against Defendants Buckner, IC and Does 1 through 10]**

9

10       73.  Bizzy realleges and incorporates by reference each and every allegation
11   contained in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

12

13       74.  Beginning on or about November 4, 2009, defendants came into
14   possession of certain property consisting of DVDs belonging to Bizzy by means of
15   their unlawful search and seizure of Bizzy's Rowland Heights store.

16

17       75.  By virtue of defendants' wrongful seizure and conversion of such
18   property, defendants have been unjustly enriched in an amount to be determined at
19   trial, but in excess of the jurisdictional threshold of this Court; and hold such
20   property as a constructive trustee for Bizzy's benefit.  Bizzy is entitled to the
21   immediate return of such property being held in trust.

22

23       76.  In doing the acts herein alleged, defendants knew that their actions were
24   unlawful, but nonetheless committed such acts maliciously, fraudulently,
25   oppressively and despicably, and with the wrongful intention of injuring Plaintiff,
26   with an improper and evil motive amounting to malice, and in conscious disregard of
27   Plaintiff's rights.  Because the acts taken toward Plaintiff were carried out in a
28   despicable, deliberate, cold, callous and intentional manner, and perpetrated to injure

                                          23

1    and damage Plaintiff, Plaintiff is entitled to recover punitive damages from the

2    defendants.

3

4                              **EIGHTH CAUSE OF ACTION**

5        **(Violation of the Racketeer Influenced and Corrupt Organizations Act**

6                              **18 U.S.C. §1961 et seq.)**

7                              **[Against All Defendants]**

8

9        77.  Bizzy realleges and incorporates by reference each and every allegation

10   contained in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

11

12       78.  At all times relevant herein, Bizzy was and is a "person" within the

13   meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

14

15       79.  At all times relevant herein, defendants Buckner, IC, Yang, Ye, Insta,

16   Media King, and Does 1 through 10, were and are each a "person" within the

17   meaning of 18 U.S.C. §§ 1961(3), 1962(c) and 1962(d).

18

19       80.  Bizzy is informed, and upon such information and belief alleges, that prior

20   to November 4, 2009, defendants Buckner, IC, Yang, Ye, Insta, Media King, and

21   Does 1 through 10, inclusive, combined, came together and affiliated with each other

22   forming what became an ongoing organization for the common purpose of extorting

23   money and other property, including agreements to enter into long-term, one-sided

24   purchase contracts from competitors of Media King in the business of distributing

25   Asian-language DVDs (hereinafter the "Contract Extortion Enterprise").  Bizzy is

26   further informed and believes, and upon such information and belief alleges, that the

27   Contract Extortion Enterprise is an "enterprise" that has been formed by an

28   association-in-fact, within the meaning of 18 U.S.C. §1961(4).

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

81.  Bizzy is informed and believes, and upon such information and belief alleges, that beginning on a date prior to November 4, 2009, Defendants, and each of them, were associated with the Contract Extortion Enterprise and conducted or participated, directly or indirectly, in the conduct of the Contract Extortion Enterprise's affairs, through a pattern of racketeering activity within the meaning of 18 U.S.C. §1961(1)(A) that includes criminal extortion, chargeable under California Penal Code section 520.

82.  As a result of Defendants' unlawful conducted as described more fully above, Bizzy has suffered damages in amount to be determined at trial, but in excess of the jurisdictional threshold of this Court.

## NINTH CAUSE OF ACTION
### (Conspiracy to Violate RICO – 18 U.S.C. §1962(d))
### [Against All Defendants]

83.  Bizzy realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 43, and 78 through 82, inclusive, as though fully set forth herein.

84.  Bizzy is informed and believes, and upon such information and belief alleges, that beginning on a date prior to November 4, 2009, Defendants, and each of them, conspired to violate 18 U.S.C. §1962(c) by agreeing to conduct or participate in the affairs of the Contract Extortion Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §1961(1)(A) that includes criminal extortion, chargeable under California Penal Code section 520.

25

85. As a result of Defendants' unlawful conducted as described more fully above, Bizzy has suffered damages in amount to be determined at trial, but in excess of the jurisdictional threshold of this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

1. For general and compensatory damages in an amount as yet to be determined, but in excess of the jurisdictional threshold of the Court;

2. For punitive damages against defendants on all causes of action where such element of damages is appropriate, in an amount sufficient to punish and to make an example of defendants;

3. For treble damages in accordance with 18 U.S.C. §1964(c) on Plaintiff's Eighth and Ninth causes of action for violation of RICO;

4. For reasonable attorneys' fees on all causes of action where such element of recovery is appropriate, including on Plaintiff's Eighth and Ninth causes of action for violation of RICO;

5. For an injunction prohibiting defendants from further acts of extortion as described more fully herein;

6. For an injunction mandating the immediate return of property seized from Plaintiff on or about November 4, 2009 without a warrant and without due process;

26

7. For restoration of any monies or property acquired by defendants by means of their unfair and unlawful business practices;

8. For cost of suit;

9. For an award of pre-judgment interest at the legal rate; and

10. For such other relief as the Court deems proper.

DATED: December 30 , 2009      Respectfully submitted,

BENSINGER, RITT, TAI & THVEDT
A Limited Liability Partnership


TIFFANY W. TAI
JOEL A. THVEDT
Attorneys for Plaintiff,
BIZZY ENTERTAINMENT, INC.

27

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

## **DEMAND FOR JURY TRIAL**

2

3      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby

4  demand a jury trial of all issues raised in this Complaint.

5

6  DATED:  December 30, 2009           Respectfully submitted,

7                                       BENSINGER, RITT, TAI & THVEDT
                                        A Limited Liability Partnership
8

9

10                                      TIFFANY W. TAI
                                        JOEL A. THVEDT
11                                      Attorneys for Plaintiff,
                                        BIZZY ENTERTAINMENT, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV09- 9544 SVW (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIZZY ENTERTAINMENT, INC., a California corporation, | CASE NUMBER |
| PLAINTIFF(S) | CV09-9544 SVW (Ex) |
| v. | |
| KRISTOPHER BUCKNER, an individual, et al., | **SUMMONS** |
| _SEE Attachment_ DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, ____Tiffany W. Tai_____ , whose address is 65 North Raymond Ave., Suite 320, Pasadena, CA  91103 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


Clerk, U.S. District Court

Dated: __**3 0 DEC 2009**_____

By: _____
      Deputy Clerk

*(Seal of the Court)*


*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS                                    CCD-1A

TIFFANY W. TAI, S.B. # 193271
JOEL A. THVEDT, S.B. # 130577
**BENSINGER, RITT, TAI & THVEDT, LLP**
A Limited Liability Partnership
65 North Raymond Avenue, Suite 320
Pasadena, California 91103
Tel:   (626) 685-2550
Fax:   (626) 685-2562
Email:  tai@brttlaw.com
            thvedt@brttlaw.com

Attorneys for Plaintiff,
 BIZZY ENTERTAINMENT, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIZZY ENTERTAINMENT, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> KRISTOPHER BUCKNER, an individual; INVESTIGATIVE CONSULTANTS, a business entity of unknown form; INSTA ENTERTAINMENT, INC., a California corporation; MEDIA KING, INC., a California corporation; MICHAEL YANG, an individual; JULIE YE aka LI FANG YE, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES AN INJUNCTIVE RELIEF:** <br><br> 1.  **Violation of Civil Rights Act (42 USC § 1983 et seq.)** <br> 2.  **Abuse of Process** <br> 3.  **Conversion** <br> 4.  **Unfair Competition (Cal. Bus. & Prof. Code § 17200 et seq.)** <br> 5.  **Trade Libel** <br> 6.  **Civil Conspiracy** <br> 7.  **Unjust Enrichment** <br> 8.  **Violation of Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §1961 et seq.)** <br> 9.  **Conspiracy to Violate RICO (18 U.S.C. § 1962(d))** |

## JURISDICTION AND VENUE

1. Plaintiff BIZZY ENTERTAINMENT, INC. (hereinafter "Bizzy" or "Plaintiff") brings this action against the defendants, and each of them, for general, equitable, compensatory, consequential, punitive, and statutory damages, prejudgment interest, costs and attorneys fees resulting from the unlawful conduct of

1

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| BIZZY ENTERTAINMENT, INC., a California corporation | KRISTOPHER BUCKNER, an individual, et al. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Tiffany W. Tai, SBN 193271<br>Joel A. Thvedt, SBN 130577<br>BENSINGER, RITT, TAI & THVEDT, LLP<br>65 N. Raymond Ave., Suite 320<br>Pasadena, CA  91103<br>(626) 685-2550 | |

---

**I.  BASIS OF JURISDICTION** (Place an X in box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV.  ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

---

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $ none specified

---

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Civil Rights, 42 U.S.C. §1983; RICO, 18 U.S.C. §1962; and related state causes of action.  Defendants injured plaintiff and harmed its business under color of law.

---

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-09 9544

CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

f yes, list case number(s): _____

VIII(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

f yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. **VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date December 30, 2009

Joel D. Thvedt

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |